Case: 2:19-cv-00381-EAS-CMV Doc #: 2 Filed: 02/06/19 Page: 1 of 7 PAGEID #: 20
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 11 4:19 PM-19CV000315
0E480 - U89

IN THE COURT OF COMMON PLEAS
GENERAL DIVISION
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| ASHLEY C. JOHNSON<br>282 Broadmeadows Blvd., Apt. C<br>Columbus, OH 43214<br>    **PLAINTIFF**,<br><br>v.<br><br>**RYAN LEE, C.P.D. No. 2707,**<br>Columbus Police Department<br>120 Marconi Boulevard<br>Columbus, OH 43215<br><br>**DEVIN REISER, C.P.D. No. 2823**<br>Columbus Police Department<br>120 Marconi Boulevard<br>Columbus, OH 43215<br><br>**DANIEL HARGUS, C.P.D. No. 5050**<br>Columbus Police Department<br>120 Marconi Boulevard<br>Columbus, OH 43215<br><br>**COLUMBUS POLICE DEPARTMENT**<br>120 Marconi Boulevard<br>Columbus, OH 43215<br>    **DEFENDANTS.** | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR DAMAGES** |

## COMPLAINT

### INTRODUCTION

1. This is an action for monetary damages arising from the use of excessive force resulting in Assault, Battery, Intentional and Negligent Infliction of Emotional Distress, as well as the deprivation of rights pursuant to 42 U.S.C. § 1983, of Ashley C. Johnson (herein, Plaintiff Johnson") by Columbus Police Department Employees, Officer Ryan Lee, Officer, Devin Rieser, and Officer Daniel Hargus (herein, "Defendant CPD Officers.") The parties came



Case: 2:19-cv-00381-EAS-CMV Doc #: 2 Filed: 02/06/19 Page: 2 of 7 PAGEID #: 21
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 11 4:19 PM-19CV000315
0E480 - U90

into contact on January 14, 2018 during the arrest of a third-party; when Plaintiff Johnson approached the Defendant CPD Officers for more information about the cause of the arrest, the Defendant CPD Officers responded by physically assaulting her and throwing her to the ground, charging her with obstruction of justice, transporting her to the Franklin County Jail, and depriving her of medical attention. Plaintiff Johnson sought medical treatment upon her release and was diagnosed with an isolate fracture to her right humerus shaft, an injury which required surgery and extended rehabilitation. Plaintiff Johnson suffered intense physical pain, mental anguish, lost wages, and monetary damages as a result of the actions of the Defendant CPD Officers.

## FACTS

1. Plaintiff is a citizen of the United States and resident of the State of Ohio.
2. Defendant CPD Officers are employees of the Columbus Police Department. Each is sued in his individual and official capacities.
3. Defendant CPD Officers are not protected by R.C. 2744.03(A)(6)(b) because each has forfeited immunity by actions and omissions that were "with malicious purpose, in bad faith, or in a wanton or reckless manner."
4. Defendant CPD Officers acted recklessly by exhibiting a "conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Anderson v. City of Massillon*, 134 Ohio St.3d 380. 2012-Ohio-5711, ¶ 23.
5. Defendant CPD Officers accused Plaintiff Johnson of obstruction of official business pursuant to R.C. 2321.31 because she allegedly "got in front of an officer and began yelling at him before using two hands to push the officer in the chest."

6. Defendant CPD Officers then used recklessly excessive force in arresting Ms. Johnson, a petite woman of only 5 feet in height and 129 pounds in weight, twisting her arms, throwing her to the ground, and causing her serious physical harm in the form of a fractured right humerus bone and severe pain to her right wrist and elbow.

7. This injury caused Ms. Johnson significant and enduring physical pain; Despite Ms. Johnson's cries of pain, the CPD Officers recklessly and wantonly left her handcuffed, forced her into the back of a cruiser, and transported her to the Franklin County Jail, at roughly 1:15 AM.

8. Several hours later, after suffering with no medical attention, Ms. Johnson was seen at Grant Medical Center Emergency Department, at roughly 2:54 P.M.

9. On March 23, 2018, Ms. Johnson accepted a bargain from the State and pleaded guilty to one count of obstruction of justice, R.C. 2321.31, a misdemeanor of the second degree.

### FIRST CLAIM FOR RELIEF: 42 U.S.C. § 1983

10. Plaintiff Johnson incorporates the above paragraphs as if fully re-written herein.

11. The actions of the Defendant CPD Officers constitute violations of 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

12. 42 U.S.C. § 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

13. The Ohio Supreme Court has summarized the elements of a § 1983 claim in *St. Clair Corp. v. City of Cleveland*, 49 Ohio St.3d 33, 550 N.E.2d 456 (1990): "To establish such a claim,

Case: 2:19-cv-00381-EAS-CMV Doc #: 2 Filed: 02/06/19 Page: 4 of 7 PAGEID #: 23
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 11 4:19 PM-19CV000315
0E480 - U92

two elements are required: (1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States."

14. At all times, Defendant CPD Officers acted under color of Ohio State Law.

15. The Defendant CPD Officer's actions deprived Plaintiff Johnson of her freedom from warrantless and unreasonable search and seizure as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

16. The Defendant Columbus Police Department failed to adequately train Defendant CPD Officers because the training received by Defendant CPD Officers was inadequate, there is an obvious need to train officers to refrain from the use of excessive force and a failure to discipline officers who have used excessive force, and the inadequate training and lack of discipline the CPD Officers received was the moving force behind Plaintiff's injuries.

## SECOND CLAIM FOR RELIEF: ASSAULT

17. Plaintiff Johnson incorporates the above paragraphs as if fully re-written herein.

18. The tort of assault consists of "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact. The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching." *Smith v. John Deere Co.*, 83 Ohio App.3d 398, 406, 614 N.E.2d 1148 (1993).

## THIRD CLAIM FOR RELIEF: BATTERY

19. Plaintiff Johnson incorporates the above paragraphs as if fully re-written herein.

20. The tort of assault consists of an "intentional, unconsented-to touching." *Anderson v. St.Francis-St. George Hosp. Inc.*, 77 Ohio St.3d 82, 83, 671 N.E.2d 225 (1996).

Case: 2:19-cv-00381-EAS-CMV Doc #: 2 Filed: 02/06/19 Page: 5 of 7 PAGEID #: 24
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 11 4:19 PM-19CV000315
0E480 - U93

## FOURTH CLAIM FOR RELIEF: NEGLIGENCE

21. Plaintiff Johnson incorporates the above paragraphs as if fully re-written herein.

22. To establish negligence, a Plaintiff must show: "(1) the defendant owed her a duty of care; (2) the defendant breached that duty of care; (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury." *Meinfee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

23. As law enforcement officers sworn by the State of Ohio, Defendant CPD Officers had a duty of care to protect Plaintiff Johnson from harm and a duty to perform their duties without using excessive force.

24. Defendant CPD Officers breached their duty of care by negligently, recklessly, and wantonly used excessive force in detaining Plaintiff Johnson, thereby causing Plaintiff serious physical harm, injury, emotional distress, and damages as hereinafter set forth.

25. As a direct and proximate result of Defendant CPD Officers' negligent, reckless, and wanton behavior, and a direct and proximate result of said excessive use of force, Plaintiff Johnson sustained injury to her right humerus bone, right elbow, and right wrist, causing pain and undermining her health and well-being.

26. As a direct and proximate result of Defendant CPD Officers' negligent, reckless, and wanton actions, Plaintiff Johnson was denied immediate medical attention and suffered an aggravation of her pain by Defendant CPD Officers' choice to handcuff her and transport her in the back of a CPD cruiser.

27. As a direct and proximate result of Defendant CPD Officers' negligent, reckless, and wanton actions, Plaintiff Johnson suffered extreme emotional distress and mental anguish, as her cries of pain were ignored during transport and at the Franklin County Jail.

Case: 2:19-cv-00381-EAS-CMV Doc #: 2 Filed: 02/06/19 Page: 6 of 7 PAGEID #: 25
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 11 4:19 PM-19CV000315
0E480 - U94

28. As a direct and proximate result of Defendant CPD Officers' negligent, reckless, and wanton actions, Plaintiff Johnson lost wages from her employment, and will, with reasonable certainty, continue to suffer such losses in the indefinite future.

## FIFTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff Johnson incorporates the above paragraphs as if fully re-written herein.

30. To establish a claim of intentional infliction of emotional distress, a Plaintiff must show: "(1) the defendant intended to cause the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous, and (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. *Phugn v. Waste Mgt. Inc.*, 71 Ohio St.3d 408. 410, 1994-Ohio-389. When Defendants are employees of a political subdivision, Plaintiff must show Defendants acted with malice, or in a wanton or reckless manner. *David v. Matter*, 6th Dist. No. S-17-006, 2017-Ohio-7351, ¶ 15.

31. Defendant CPD Officers intended to cause Plaintiff Johnson serious emotional distress when each chose to ignore her cries of pain and pleas for help after each used excessive force in arresting Plaintiff Johnson.

32. Defendant CPD Officers were annoyed that Plaintiff Johnson allegedly interfered with the arrest of a third-party and retaliated by using excessive force to arrest Plaintiff Johnson and then intentionally ignoring Plaintiff Johnson's cries for help, constituting extreme, outrageous, malicious, reckless, and wanton behavior by the Defendant CPD Officers.

33. Defendant's CPD Officers actions in using excessive force and denying Plaintiff Johnson medical attention was the proximate cause of Plaintiff Johnson's serious emotional distress.

## JURY DEMAND

34. Plaintiff Johnson demands a jury trial to hear her claims for relief.

Case: 2:19-cv-00381-EAS-CMV Doc #: 2 Filed: 02/06/19 Page: 7 of 7 PAGEID #: 26
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 11 4:19 PM-19CV000315
0E480 - U95

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Johnson prays for judgment against the Defendant CPD Officers in an amount in excess of fifteen thousand dollars ($15,000.00) that will fully, fairly, and completely compensate Plaintiff Johnson for her injuries sustained by the Defendant CPD Officer's violation of 42 U.S.C. § 1983, Assault, Battery, and Intentional Infliction of Emotional Distress, plus the cost of this action herein. Plaintiff further prays the Defendant CPD Officers be ordered to undergo additional training and be issued formal reprimands for their actions on January 14, 2018, in order to protect the public from future harm and abuse by the Defendant CPD Officers.

Respectfully Submitted,

| /s/ Brian G. Jones | /s/ Elizabeth E. Osorio |
|---|---|
| BRIAN G. JONES, ESQ. (0081724) | ELIZABETH E. OSORIO, ESQ. (0090495) |
| Counsel for Ashley C. Johnson | Co-Counsel for Ashley C. Johnson |
| THE LAW OFFICE OF BRIAN JONES, LLC | THE LAW OFFICE OF BRIAN JONES, LLC |
| 52 North Sandusky Street | 52 North Sandusky Street |
| Delaware, OH 43015 | Delaware, OH 43015 |
| O: 740-363-3900 | O: 740-363-3900 |
| F: 614-467-2083 | F: 614-467-2083 |
| E: BGJ@TLOBJ.com | E: EEO@TLOBJ.com |

## CERTIFICATE OF SERVICE

The undersigned Attorney for Plaintiff hereby certifies that a true copy of the foregoing document was served upon the Defendant CPD Officers by certified mail as provided in the Instructions for Service E-Filed in the Franklin County Clerk of Courts; and by regular U.S. Mail to Defendant CPD Officers, through Attorney Jeffrey Furbee, Police Advisor, Section Chief, at 120 Marconi Blvd, 8th floor, Columbus, Ohio 43215 on this 10th day of January 2019.

/s/ Brian G. Jones

BRIAN G. JONES, ESQ. (0081724)
Attorney for Plaintiff Ashley C. Johnson