IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY C. JOHNSON, | : | Case No. 2:19-cv-00381 |
| Plaintiff, | : | Judge Sargus |
| v. | : | Magistrate Judge Vascura |
| RYAN LEE, et al., | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**

Defendants Officers Ryan Lee, Devin Reiser, and Daniel Hargus and the City of Columbus[1] ("Defendants") admit, deny, and aver as follows to Plaintiff's Complaint.

1. In response to introductory Paragraph 1, Defendants admit Defendant Officers came into contact with Plaintiff on January 14, 2018. Defendants aver Plaintiff was charged with "obstruction of official business" related to her obstruction of the arrest of a third party. Defendants deny Plaintiff was deprived of medical attention. Defendants deny they assaulted Plaintiff. Defendants deny for lack of knowledge and information Plaintiff's actions after her release or her alleged diagnosis. Defendants deny the remaining allegations of Paragraph 1.

2. In response to the next paragraph, also labeled Paragraph 1, Defendants admit upon information and belief Plaintiff is a resident of the State of Ohio and a citizen of the United States.

3. In response to Paragraph 2, Defendants aver Defendant Columbus Police Officers are employees of Defendant City of Columbus.

4. Defendants deny the allegations of Paragraphs 3 and 4.

---

[1] The Columbus Police Department is not "sui juris." *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D. Ohio 2002). The City of Columbus is the appropriate designation for Defendant.

5. In response to Paragraph 5, Defendants aver Plaintiff was charged with "obstruction of official business" pursuant to R.C. 2321.31 and that among her other actions, she used two hands to push an officer in the chest.

6. Defendants deny the allegations of Paragraphs 6 through 8.

7. In response to Paragraph 9, Defendants aver Plaintiff pled guilty to "obstruction of official business" on or around March 23, 2018.

8. In response to Paragraph 10, Defendants restate their responses to Paragraphs 1 through 9.

9. Defendants deny the allegations of Paragraph 11.

10. In response to Paragraph 12, Defendants aver that 42 U.S.C. §1983 speaks for itself.

11. In response to Paragraph 13, Defendants aver that the Ohio Supreme Court's decisions speak for themselves.

12. Defendants aver that Paragraph 14 is a legal conclusion not a factual allegation.

13. Defendants deny the allegations of Paragraph 15 through 16.

14. In response to Paragraph 17, Defendants restate their responses to Paragraph 1 through 16.

15. In response to Paragraph 18, Defendants aver that Ohio appellate courts decisions speak for themselves.

16. In response to Paragraph 19, Defendants restate their responses to Paragraphs 1 through 18.

17. In response to Paragraph 20, Defendants aver that Ohio Supreme Court decisions speak for themselves.

18. In response to Paragraph 21, Defendants restate their responses to Paragraphs 1 through 20.

19. In response to Paragraph 22 Defendants aver that Ohio Supreme Court decisions speak for themselves.

20. Defendants admit the allegations of Paragraph 23.

21. Defendants deny the allegations of Paragraphs 24 through 28.

22. In response to Paragraph 29, Defendants restate their responses to Paragraphs 1 through 28.

23. In response to Paragraph 30, Defendants aver that Ohio Supreme Court and appellate court decisions speak for themselves.

24. Defendants deny the allegations of Paragraphs 31 through 33.

25. Defendants deny each allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate damages.

3. Defendant Officers are entitled to qualified immunity.

4. Defendants are entitled to all applicable immunities, defenses, set-offs, and limitations on liability that are set forth in Chapter 2744 of the Ohio Revised Code.

5. Defendant City is not subject to liability under a theory of *respondeat superior*.

6. Defendant City is not liable for any amount in damages for which Plaintiff received, or was entitled to receive, benefits from a policy of insurance or any other source.

7. Plaintiff's claims against Defendants are barred in whole or in part by the doctrines of Estoppel, issue preclusion, and res judicata.

8. Plaintiff's claim against Defendants are barred in whole or in part by the doctrine of comparative negligence.

Respectfully submitted,

CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

s/Paula J. Lloyd
Paula J. Lloyd (0033419)
Assistant City Attorney
77 N. Front Street
Columbus, Ohio 43215
(614) 645-0808
pjlloyd@columbus.gov

Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer of Defendants to Plaintiff's Complaint was served on Brian G. Jones and Elizabeth E. Osorio, The Law Office of Brain Jones, LLC, 52 North Sandusky Street, Delaware, Ohio 43015 by electronic filing and regular U.S. Mail on February 11, 2019.

                                                                     s/Paula J. Lloyd
                                                                     Paula J. Lloyd